**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**James L. HORN, Defendant.**

**Civ. A. No. 90–K–362.**

United States District Court, D. Colorado.

Nov. 23, 1990.

---

it assumed when it took over the insolvent South Denver National Bank. The FDIC has moved for summary judgment, arguing that the maker of the notes, James L. Horn, has no defenses to this collection action. Horn responded to the motion for summary judgment by alleging there is a material issue of fact whether the FDIC is the owner of the notes. Horn's position has no merit, and summary judgment in favor of the FDIC is granted.

## I. Facts.

On May 20 and October 15, 1986, Horn executed two unsecured promissory notes in favor of the South Denver National Bank in the principal face amount of $50,-000 and $40,000, respectively. Both notes included a clause requiring Horn to "pay on demand all costs of collection ... as well as a reasonable attorney's fee and costs of suit incurred or paid by the holder" on default. On June 25, 1987, the South Denver National Bank was declared insolvent and the FDIC was appointed receiver. On the same date, the FDIC entered into a purchase and assumption agreement with the First National Bank, Southeast Denver ("First National") whereby First National purchased and assumed the assets of the failed institution. I approved this transfer of assets in an order entered that day as well.

Paragraph 3.5 of the purchase and assumption agreement permitted First National to "put back" certain loans to the FDIC within 60 days of the bank closing. First National exercised its option to do so, and both Horn notes were repurchased by the FDIC. On February 1, 1988, the FDIC notified Horn that the notes were in default and requested payment in full of the principal and interest due. Horn failed to make payment, and this lawsuit ensued.

On September 25, 1990, the FDIC moved for summary judgment. The FDIC argues that Horn has no defense to this action because he has admitted execution and default. The FDIC further requests its costs and attorney fees in bringing this action as provided under the terms of the notes and as sanctions against Horn's counsel. Horn

Wiley Y. Daniel, David S. Fein, Popham, Haik, Schnobrich & Kaufman, Denver, Colo., for plaintiff.

Richard Breithaupt, Woods, Kinney & Breithaupt, Englewood, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is an action in which the FDIC is seeking to recover on two promissory notes

has responded to the motion by arguing that there is a material issue of fact in dispute: namely, the FDIC has not established that it owns the notes.

## II. *Merits.*

### A. Standards for Summary Judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Thus, summary judgment will be granted against a party "who fails to ... establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). For the court to find that a dispute about a material fact is genuine, there must be sufficient evidence upon which a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). To defend against a properly supported motion for summary judgment, the non-moving party "may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R. Civ.P. 56(e). Some "metaphysical doubt" as to a material fact will not suffice. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). "A court must examine the record and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Kaw Valley Elec. Coop. Co. v. Kansas Elec. Power Coop., Inc.,* 872 F.2d 931, 934 (10th Cir.1989) (citing *Liberty Lobby,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12).

### B. FDIC's Ownership of the Notes.

■ The sole question before me is whether there is a genuine issue of fact whether the FDIC is the holder of the Horn notes. The FDIC argues that it has established that it currently holds the notes through the affidavits of two of its employees, Don Palm[1] and Rima Khodadadian. Palm is the Unit Chief of Claim/Settlements/Terminations at the FDIC and Khodadadian is an account officer with the FDIC. Both state from personal knowledge they are familiar with and have reviewed FDIC files in this matter and that the FDIC is the current holder of the notes. Ms. Khodadadian's affidavit provides in part:

9. Based upon my review of all FDIC records and files relating to Note 67 and Note 75 [the Horn notes], the FDIC paid good and valuable consideration for Note 67 and Note 75.

10. Based upon my review of all FDIC records and files relating to Note 67 and Note 75, Note 67 and Note 75 are in the possession of the FDIC.

11. Based upon my review of all FDIC records and files relating to Note 67 and Note 75, the FDIC is the sole owner and holder of Note 67 and Note 75.

Khodadadian Affidavit at 3.[2]

■ Horn counters the FDIC's showing of ownership by arguing that the FDIC has

---

**1.** Horn argues that the Palm affidavit should be stricken because, in the pre-trial conference, Palm was removed from the witness list due to insufficient notice that Palm was to testify. Horn states that, since Palm cannot testify at trial, his affidavit is improper.

Horn misinterprets the requirement of Rule 56(e) that "supporting and opposing affidavits ... set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein" to mean that the affiant must be qualified in all respects to testify at trial. There is no authority for this interpretation. The above language of Rule 56(e) focuses on the quality of the information contained in the affidavit and the affiant's relationship to that information, not whether the affiant will be available to testify at trial. Moreover, if I were to strike Palm's affidavit, Ms. Khodadadian's affidavit more than adequately provides the same information.

**2.** The FDIC argues that these affidavits alone are sufficient to establish its ownership of the notes, citing *B.L. Nelson & Associates, Inc. v.*

produced no document which unequivocally indicates that it was assigned the notes in the put-back transaction from First National. In addition to the above affidavits, however, the FDIC included with its motion a copy of the purchase and assumption agreement containing the put-back option, the court order approving this agreement, and a redacted copy of a computer printout showing that the Horn notes were among those put-back from First National to the FDIC. Horn asserts that the computer printout is ineffective as an assignment of the notes. In addition, Horn filed an affidavit which simply stated that none of the documents provided during discovery contained a written notice, as required under the purchase and assumption agreement, that First National was exercising the put-back option and that "[a]bsent such written notice, the documents merely confirm that Plaintiff transferred the notes in issue to the First National Bank of Southeast Denver." Horn Affidavit at 2.

The problem with Horn's response to this motion is that he does nothing but deny that the FDIC has established ownership of the notes, claiming that they still belong to First National because the bank never properly exercised the put-back option. His burden under Rule 56 is to "set forth specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegations." *Lake Hefner Open Space Alliance v. Dole*, 871 F.2d 943, 945 (10th Cir.1989). As the FDIC aptly notes, Horn had several options. First, he could have produced an affidavit from First National attesting to its ownership of the notes if the bank still holds them as he alleges. Alternatively, Horn could have filed an affidavit under Rule 56(f) if there was some other reason that the facts were unavailable to him. Since Horn has resisted this motion by merely denying the facts

as alleged and supported by the FDIC, summary judgment is granted in favor of the FDIC. *See id.* (party "may not rely on mere allegations, or denials, contained in its pleadings or briefs").

## C. Attorney Fees and Costs.

There are two bases for the award of attorney fees and costs in this action. First, the notes permit the FDIC to recover from Horn its costs of collection. Second, the FDIC has requested sanctions against Horn's counsel for his frivolous opposition to this collection action. Horn's brief does not address his liability for attorney fees and costs under the notes; therefore, I assume he concedes this liability if judgment on the notes is granted in favor of the FDIC. His attorney opposes the request for attorney fees and costs as sanctions, arguing that Horn's answer to the complaint was not meritless. It is clear that attorney fees and costs should be awarded under the terms of the notes; the question is whether Horn's counsel should share in this expense.

Under Fed.R.Civ.P. 11, I have discretion to award sanctions against an attorney who violates the duty to file papers well-founded in fact and law and not interposed for an improper purpose. The standard for the imposition of sanctions under this rule is an objective one and requires reasonableness under the circumstances. *White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir.1990); *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir.1988).

█ In this case, there are several factors indicating that sanctions are appropriate. First, the FDIC warned Horn's attorney before commencing this action that he was asserting a meritless defense when he claimed that the terms of the notes were

*Sunbelt Savings*, 733 F.Supp. 1106, 1109–10 (N.D.Tex.1990); *Federal Savings & Loan Insurance Corp. v. Atkinson–Smith University Park Joint Venture*, 729 F.Supp. 1130, 1132 (N.D.Tex. 1989); *Life Insurance Co. of Virginia v. Gar–Dal, Inc.*, 570 S.W.2d 378, 381 (Tex.1978). These cases hold that a bank officer's affidavit is sufficient to demonstrate the bank's status as holder

of a note. However, these cases were each decided under Texas Uniform Commercial Code provisions dealing with negotiation and transfer of commercial paper. The FDIC has not alleged sufficient facts for me to determine whether the applicable Code provisions were followed in this case.

altered by an oral agreement.[3] Although Horn and his attorney have not pursued this defense, neither did they challenge the FDIC's status as holder of the notes during the negotiations preceding the filing of this action. (Presumably, the ownership issue could easily have been resolved at this point). This suggests that Horn's attorney was grasping at any possible avenue to forestall collection of the note.

Second, Horn's attorney asserts that the answer was not meritless because "with respect to one Note, I stated [in the answer] 'To the extent Plaintiff's [sic] is not entitled to the benefits of 12 U.S.C. § 182(e), Plaintiff is not entitled to recover.' Such statement was true when made and remains an appropriate defense." Horn Brief at 6. This statement makes no sense. The referenced statute deals with notice of the voluntary dissolution of a national bank, and there is no subsection (e). 12 U.S.C. § 182. It has no application to this case. Horn's counsel makes no effort to explain this cryptic statutory reference or to correct its citation, if erroneous. Moreover, even if Horn's answer was not frivolous when filed, Horn's counsel is still responsible for filing the brief in opposition to the motion for summary judgment in which he continues to pursue a meritless defense.

Finally, summary judgment is an area in which most attorneys are intimately familiar and experienced. Horn's counsel's meager filings to oppose the motion, his failure to cite any authority in the brief and his reliance on the mere denial of facts that the FDIC supported by affidavit and other evidence reflect at minimum, carelessness and disregard of longstanding procedural rules and legal authority. Since it was clear from the start that Horn conceded his execution of and default under the notes, to extend these proceedings solely to contest which of two parties held the notes was unreasonable and a waste of court resources. In my opinion, sanctions are justified. Accordingly,

**3.** Such oral agreements are invalid against the FDIC under 12 U.S.C. § 1823(e) and *D'Oench,*

IT IS ORDERED that plaintiff's motion for summary judgment including attorney fees and costs in accordance with the terms of the notes is GRANTED; and,

IT IS FURTHER ORDERED that plaintiff's motion for attorney fees as a sanction against Horn's counsel is granted; and,

IT IS FURTHER ORDERED that plaintiff shall file affidavits and documents sufficient to establish reasonable attorney fees on or before December 7, 1990. On or before December 17, 1990 defendant and his counsel may file such counter-affidavits or objections as they deem appropriate.

Judgment on the notes shall enter forthwith.

*Duhme & Co. v. Federal Deposit Ins. Corp.,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).