**Robert J. BRYANT, Plaintiff–Appellant,**

v.

**Earl E. O'CONNOR and Perry D. Mathis, Defendants–Appellees.**

No. 87–1002.

United States Court of Appeals,
Tenth Circuit.

June 6, 1988.

Margie J. Phelps, Topeka, Kan. (Fred W. Phelps, Jr. and John R. Balhuizen, on the brief), for plaintiff-appellant.

Barbara L. Herwig, Dept. of Justice, Washington, D.C. (Richard K. Willard, Asst. Atty. Gen., and Deborah R. Kant, Dept. of Justice, Washington, D.C., Benjamin L. Burgess, Jr., U.S. Atty., Topeka, Kan., on the brief), for defendants-appellees.

Before BRORBY, TIMBERS[*] and McWILLIAMS, Circuit Judges.

TIMBERS, Circuit Judge.

Appellant Robert J. Bryant, a former probation officer of the United States District Court for the District of Kansas, appeals from a summary judgment entered December 2, 1986 in the District of Kansas, Clarence A. Brimmer, Jr., *Chief Judge of the District of Wyoming*, sitting by designation, 671 F.Supp. 1279. The summary judgment was granted in favor of appellees Chief Judge O'Connor and Chief Probation Officer Mathis, both of the District of Kansas, dismissing appellant's claim that he was terminated for racial reasons. Bryant asserts that the court erred (1) in holding that appellees were entitled to judicial immunity and (2) in concluding that his responses to appellees' motion for summary judgment were insufficient to defeat the motion before discovery was completed.

We hold that appellees adequately supported their motion for summary judgment and that Bryant's responses were merely conclusory—a sufficient justification for granting summary judgment against Bryant.

I.

We shall summarize those facts and prior proceedings believed necessary to an

[*] Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

understanding of the issues raised on appeal.

Chief Probation Officer Mathis, Bryant's immediate supervisor, suspended Bryant for disciplinary reasons on October 26, 1984. Bryant wrote to Chief Judge O'Connor requesting a hearing on the ground that he was suspended not for cause, but because he is black. Mathis recommended that Bryant be discharged for gross negligence in carrying out his duties and for failure to maintain adequate records. All nine judges of the district court, including senior judges, sat en banc, and, after a hearing at which Bryant was represented by counsel, unanimously voted to discharge Bryant effective February 28, 1985.

Bryant, by a letter dated March 13, 1985, then filed a complaint with the district court's Equal Employment Opportunity ("EEO") Coordinator. The Coordinator recused himself. The court designated a magistrate to act as coordinator. After an investigation of the complaint, the magistrate filed a written report on June 20, 1985. He concluded that Bryant was discharged for poor performance and not for racial reasons. Bryant requested review of the report. On August 5, 1985, Chief Judge O'Connor dismissed the appeal as untimely.

Two days later, on August 7, Bryant commenced the instant action against Chief Judge O'Connor and Mathis for damages and injunctive relief. He alleged termination of his employment and denial of equal employment opportunities on the ground of racial discrimination, in violation of the First and Fifth Amendments to the United States Constitution and in violation of 42 U.S.C. § 1981 (1982).

After holding a meeting on August 16, 1985, all of the judges of the district except Chief Judge O'Connor recused themselves. Chief Judge O'Connor entered a separate order disqualifying himself. Chief Judge Holloway of the Tenth Circuit then designated and assigned Chief Judge Brimmer of the District of Wyoming to adjudicate the case. Subsequently Bryant amended his complaint to assert that the en banc decision of the Kansas district judges to disqualify themselves constituted an unlawful conspiracy to interfere with his access to the courts in violation of 42 U.S.C. § 1985(2) (1982).

Appellees Mathis and Chief Judge O'Connor moved to dismiss or in the alternative for summary judgment, asserting that Bryant was discharged for legitimate, nondiscriminatory reasons; that he had neither a statutory nor an implied remedy; and that they were protected by judicial and quasi-judicial immunity. Bryant requested massive discovery, including depositions of the entire Kansas federal judiciary. In response to this overreaching request, the court entered an order on March 3, 1986 staying discovery and requiring Bryant to file a specific discovery plan limited to responding to appellees' motion and explaining why the request was necessary. On March 10, Bryant filed a proposed discovery plan. Appellees objected.

The court, in an order entered March 28, held that Bryant did not comply with its March 3 order. Bryant's proposed plan, the court held, stated only very general discovery requests. Accordingly, the court continued the stay of discovery but granted Bryant an additional ten days to file affidavits stating specific probative facts to support the allegations in his complaint. The Tenth Circuit on April 16 denied Bryant's petition for a writ of mandamus with respect to the district court's March 28 order. On June 13, the Tenth Circuit denied Bryant's motion for rehearing and reconsideration en banc. In an order entered June 27, the district court granted Bryant one last chance (his third) to comply with the court's prior March 3 order.

On July 11, Bryant responded to the court's order. The court examined Bryant's submissions and found them to be "unsatisfactory, conclusory, largely irrelevant, and inadequate." *Bryant v. O'Connor,* 671 F.Supp. 1279, 1282 (D.Kan.1986). Bryant's counsel had filed an affidavit pursuant to Fed.R.Civ.P. 56(f) stating that discovery of the appellees, the depositions of one or more federal judges, federal court personnel, and employees of the probation office in Kansas were "require[d]" "to fully respond to said summary judgment motion." The court held this bare assertion was insufficient to forestall a motion for

summary judgment, and the court stated that other factors suggested that the affidavit was "specious". *Id.* at 1282–83.

The court then proceeded to the merits and granted appellees summary judgment. The court held that Chief Judge O'Connor was absolutely immune from civil damage liability, and that Mathis was shielded by quasi-judicial immunity; that, even if Bryant properly had stated a claim for injunctive relief, which was "doubt[ful]", the Ku Klux Klan Act of 1871, of which §§ 1981 and 1985(2) are a part, "was not enacted to resolve personnel disputes within the federal government"; and, finally, that Bryant's

> "complete failure to respond to this Court's order with a meaningful discovery plan suggests that plaintiff lacked an evidentiary basis for the complaint when it was filed and hoped that discovery would reveal some set of facts supporting his allegations."

*Bryant, supra,* 671 F.Supp. at 1286. From the summary judgment in favor of appellees, the instant appeal was taken. Bryant asserts on appeal that appellees were not shielded by immunity and that summary judgment was improper as there were material facts in issue.

## II.

■ More than a year after the district court decision in the instant case, the Supreme Court in *Forrester v. White,* 108 S.Ct. 538 (1988), *rev'g,* 792 F.2d 647 (7th Cir.1986), held that absolute judicial immunity does not extend to a judge's decisions with respect to the hiring and firing of court personnel. Since the district court relied on the subsequently reversed Seventh Circuit decision in *Forrester,* that ground no longer supports the grant of summary judgment in favor of appellees.

We hold, however, that the court acted well within its discretion in granting appellees' motion for summary judgment—for the reasons that follow.

■ Fed.R.Civ.P. 56(e) requires that "[w]hen a motion for summary judgment is made and supported ..., an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth *specific facts* showing that there is a genuine issue for trial." (emphasis added). Appellees denied the allegations of the complaint. In support of their motion for summary judgment, they submitted presentence reports completed by Bryant during the course of his employment. Appellees set forth over 40 specific errors they claim Bryant made in these reports. Many of these errors were quite serious, including inaccurately relating or omitting defendants' prior offenses. For example, appellees asserted that Bryant excluded information showing that one defendant had a history of cocaine use; and that he deleted information regarding a local kidnapping and aggravated assault charge against another defendant. Appellees also disclosed that Bryant had reported that he had contacted law enforcement agencies to obtain information about defendants substantially more frequently than those agencies' records indicated he had done. The errors described by appellees certainly support their assertion that Bryant was fired for legitimate, non-discriminatory reasons.

■ Accordingly, the burden then shifted to Bryant. As the Second Circuit has well stated, "it is clear that a plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover." *Contemporary Mission, Inc. v. U.S. Postal Serv.,* 648 F.2d 97, 107 (2d Cir.1981). " '[M]ere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of the motion.' " *Id.* (quoting *Neely v. St. Paul Fire & Marine Ins. Co.,* 584 F.2d 341, 344 (9th Cir.1978)). As the Supreme Court has emphasized, "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1).

These considerations take on added significance in the instant case since Bryant

charged a federal judge and a judicial officer with misconduct. In *Harlow v. Fitzgerald,* 457 U.S. 800, 819–20 n. 35 (1982), the Supreme Court reiterated its admonition in *Butz v. Economou,* 438 U.S. 478, 507 (1978), that " 'insubstantial' suits against high public officials should not be allowed to proceed to trial.... Insubstantial lawsuits undermine the effectiveness of government as contemplated by our constitutional structure, and 'firm application of the Federal Rules of Civil Procedure' is fully warranted in such cases." *See also Contemporary Mission, supra,* 648 F.2d at 107. The same policy applies with at least equal force to an action against a member of the judiciary.

Under these guidelines, we are persuaded that the court properly denied discovery and awarded summary judgment. The only support for Bryant's claim is his *own bare assertion* that Chief Judge O'Connor has a "reputation" for disliking and discriminating against blacks; and that Judge Franklin, a federal bankruptcy judge in the District of Kansas, warned him that Chief Judge O'Connor was prejudiced against blacks—a statement that Judge Franklin, in a personal declaration submitted to the court, denied making. Bryant's unsupported assertions simply do not pass muster.

■ Bryant claims, however, that summary judgment was improperly granted because he was not given the opportunity to complete discovery. We are not persuaded by this claim. Although discovery is strongly favored before summary judgment is granted, "[w]here a plaintiff fails to produce any specific facts whatsoever to support a[n] ... allegation, a district court may, in its discretion, refuse to permit discovery and grant summary judgment." *Id.* Appellant invites us to let him proceed with his case and depose almost the entire Kansas judiciary—proceedings that would be disruptive to the administration of justice, based solely on his bare assertions and in the face of strong evidence that he was dismissed for cause. We decline the invitation. We reject Bryant's demand for dis-

covery as a last ditch effort made in the "hope" that he then will be able to buttress his claims. We hold as we do particularly in light of the policy considerations where a federal judge and judicial officer are charged as defendants.

All of Bryant's claims are based on his allegations of racial discrimination, allegations for which he has no support.[1] Accordingly, summary judgment properly was granted as to all of appellant's claims.

### III.

To summarize:

We hold that the district court was well within its authority in granting summary judgment in favor of appellees.

AFFIRMED.

---

1. Bryant's § 1985 claim—that the Kansas district judges illegally conspired to deprive him of access to the courts by their en banc decision to

recuse themselves—is too frivolous to merit discussion.