35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jobe OWENS and Johnnie Banks, as personal representatives
and co-administrators of the Estate of James Owens,
Deceased; and Jennifer Owens and Juanita Owens, as next of
kin of James Owens, Deceased, Plaintiffs-Appellants,
v.
THE CITY OF OKLAHOMA CITY, a municipality; Oklahoma County
Board of County Commissioners; F.G. (Buck) Buchanan,
Shirley Darrell, and Fred Snyder, Commissioners; Bruce
Davis, jointly and individually; Gregory Johnston, jointly
and individually; Gary Knight, jointly and individually;
Stanley Van Nort, jointly and individually; J.D. Sharp, in
his official capacity as Sheriff of Oklahoma County,
Defendants-Appellees.
 No. 93-6199.
 United States Court of Appeals, Tenth Circuit.
 Sept. 7, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and ROSZKOWSKI, Senior District Judge.[2]
 
 
 2
 This case was originally set for oral argument. However, prior to oral argument, this panel examined the briefs and appellate record and by order of April 25, 1994, determined that oral argument was not needed. Counsel were advised of this determination and given seven days to file with the court a statement of reasons for oral argument. No such statement was filed. The cause is therefore submitted on the briefs without oral argument. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9.
 
 
 3
 James Owens was shot and killed by officers of the Oklahoma City, Oklahoma Police Department. Without going into great detail, Owens suffered from a mental illness variously diagnosed as paranoid schizophrenia, degenerative Alzheimer's-type, or delusional disorder paranoid-type. His disease was responsive to medication. However, when he did not take his medication he became violent. On April 2, 1991, Owens was non-compliant with his medication and one of his daughters sought assistance from the Oklahoma County Crisis Intervention Center.
 
 
 4
 At the time, Owens had barricaded himself in his home, had threatened to kill anyone who tried to enter his house, and said he would only talk to God. Officers of the Oklahoma City Police Department and deputies of the Oklahoma County Sheriff's Department responded to the call. They were informed by members of the family that Owens did not have a firearm. The police broke through the rear door and the sheriff's deputies broke through the front door. Once inside, Owens confronted the police with what was described as a weed-whacker or sickle and swung at, and hit, two of the police officers. The police were armed and they fired 14 shots at Owens, 10 of which hit him, and he died shortly thereafter. The sheriff's deputies were also armed, but did not draw their weapons or fire any shots.
 
 
 5
 Thereafter, Owens' children instituted the present action in the United States District Court for the Western District of Oklahoma, alleging violations of 42 U.S.C.1983 (1989) and asserting supplemental state claims. Named as defendants, inter alia, were five police officers of the Oklahoma City Police Department; the City of Oklahoma City, Oklahoma; the Board of County Commissioners of Oklahoma County, Oklahoma; and J.D. Sharp in his official capacity as Sheriff of Oklahoma County.
 
 
 6
 After discovery, the above identified defendants moved on February 1, 1993, for summary judgment. On February 23, 1993, the plaintiffs filed responses to defendants' motions for summary judgment.[3]
 
 
 7
 On March 22, 1993, the plaintiffs filed a motion for leave to designate a substitute expert witness and for extension of trial date. In that motion the plaintiffs stated that an expert witness, one Milan Mulac, whom they had retained for the purpose of testifying at trial, had indicated a desire to withdraw, and asked that a Dr. George Kirkham be allowed to substitute for Mulac. They also noted in their motion that the case was then set for trial on April 15, 1993, and asked that if the substitution be allowed that the trial date be postponed one month. The defendants' separate responses to that motion were that, subject to certain exceptions, they did not oppose the substitution of Dr. Kirkham for Mulac nor the postponement of the trial setting.
 
 
 8
 On March 26, 1993, the district court granted the plaintiffs' March 22 motion, and the following order was subsequently entered:
 
 
 9
 This matter comes before the Court on the plaintiffs' Motion for Leave to Designate Substitute Expert Witness and for Extension of Trial Date. Upon review of the motion and the response filed by the defendant, The City of Oklahoma City (the City), the Court finds, to the extent the City has agreed to the proposed substitution, that the plaintiffs' Motion for Leave to Designate Substitute Expert Witness and for Extension of Trial Date filed on March 22, 1993, is GRANTED. The Court finds further (1) that the City shall be allowed thirty (30) days to respond to the plaintiffs' expert witness' answers to interrogatories, (2) that the trial of this matter will be continued to the Court's June 1993 trial docket and (3) that all final pretrial pleadings are now due on June 1, 1993.
 
 
 10
 Notwithstanding its order of March 26, 1993, four days later, on March 30, 1993, the district court granted the motion for summary judgment filed by four of the five police officers. And six days after that, on April 5, 1993, the district court granted the motion for summary judgment filed by the fifth officer, and, on that same date, granted the motion for summary judgment filed by the Board of County Commissioners of Oklahoma County and J.D. Sharp in his official capacity as Sheriff, as well as the motion for summary judgment filed by Oklahoma City. In line therewith, the district court on that same date entered judgment in favor of the defendants above mentioned.[4]
 
 
 11
 Thereafter, on April 15, 1993, the plaintiffs filed with the district court a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b), and on that same date plaintiffs filed a separate motion to supplement their responses to defendants' motions for summary judgment so as to include testimony of their expert witness George L. Kirkham, Ph.D. and the testimony of Oklahoma City Police Chief David McBride.
 
 
 12
 In support of their motions for relief from judgment under Rule 60(b), the plaintiffs filed a brief to which they attached an affidavit of Dr. Kirkham. After outlining his qualifications, Dr. Kirkham indicated that, after reviewing the various documents in the present case, he had reached the "following professional opinions and conclusions:"
 
 
 13
 (1) Both the type and degree of physical force which was utilized against the person of Mr. Owens were excessive, unreasonable and violative of well established law enforcement standards and procedures.
 
 
 14
 (2) The police personnel involved in this incident engaged in a series of actions which were recklessly escalatory and confrontational and which needlessly placed both themselves and the decedent in danger. Moreover, such provocative, precipitous police conduct as is reflected in the record occurred in the absence of any exigent circumstance which might be adduced as justifying a departure from normal law enforcement procedures in handling emotionally disturbed individuals.
 
 
 15
 (3) The police personnel involved in this incident were both inadequately trained and supervised with respect to the proper handling of incidents involving emotionally disturbed individuals. Such inadequacies are especially egregious in light of the eminent foreseeability of police encounters with emotionally disturbed individuals on a regular basis in communities of all sizes throughout the nation.
 
 
 16
 (4) The aforementioned violations of established law enforcement standards and procedures significantly and proximately contributed to the injury and death of plaintiff's decedent.
 
 
 17
 In this Court, the plaintiffs assert that the district court not only erred in granting the motions for summary judgment for the several defendants, but that it also erred in deciding the matters prematurely. We should consider this latter matter first.
 
 
 18
 On several occasions this Court has stated that, although discovery is "strongly favored" before summary judgment is granted, there is no requirement in Rule 56, Fed.R.Civ.P., that summary judgment not be entered until discovery is complete.[5] See Bryant v. O'Connor, 848 F.2d 1064, 1068 (10th Cir.1988); Weir v. Anaconda Co., 773 F.2d 1073, 1081 (10th Cir.1985); Miller v. United States, 710 F.2d 656, 666 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Brown v. Chaffe, 612 F.2d 497, 504 (10th Cir.1979). Be that as it may, it appears to us that the granting of summary judgment under the chronology of this case was premature.
 
 
 19
 That reasonable discovery in the instant case had not been completed when the district court granted summary judgment for the defendants is evidenced, to us, by the district court's own order of March 26, 1993. In that order, the district court: (1) granted, in effect, plaintiffs' request that Dr. Kirkham be substituted for Mr. Mulac as plaintiffs' expert witness in the case; (2) granted the defendants 30 days to respond to Dr. Kirkham's answers to interrogatories; (3) continued the trial of the case to the court's June 1993 docket; and (4) stated that all pretrial pleadings were due by June 1, 1993. So far as we can tell from the record before us, the district court's order of March 26, 1993, was never vacated or rescinded. The effect of the March 26 order was to grant plaintiffs additional time to complete their discovery.
 
 
 20
 As indicated, notwithstanding its order of March 26, 1993, the district court on March 30, 1993, granted summary judgment for the Oklahoma City police officers, except one, and on April 5, 1993, granted summary judgment for all remaining defendants, and on that date entered judgment for all defendants. Thereafter, the plaintiffs by post-trial motions brought to the attention of the district court that they had not completed their pretrial discovery in that they had not yet deposed Dr. Kirkham or Police Chief McBride, and, as indicated, those motions were summarily denied.
 
 
 21
 In view of its order of March 26, 1993, we hold that the district court acted prematurely in entering summary judgment in favor of all defendants on April 5, 1993. Accordingly, we reverse the district court's order and judgment of April 5, 1993, and remand the case with directions that it allow plaintiffs a reasonable time to take the depositions of Dr. Kirkham and Police Chief McBride and file a supplemental response to defendants' motions for summary judgment, and thereafter to allow the defendants time to reply thereto before reconsidering the motions for summary judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the Court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Stanley J. Roszkowski, Senior District Judge of the Northern District of Illinois, sitting by designation
 
 
 [3]
 On March 29, 1993, plaintiffs filed a motion for leave to supplement their responses to defendants' motions for summary judgment after their expert, Dr. George Kirkham, had completed his review of the record as it then existed in the present case
 
 
 [4]
 On April 5, 1993, the same date that the district court entered judgment in favor of the defendants, the district court, by separate order, also denied plaintiffs' motions, filed March 29, 1993, to supplement their responses to defendants' motions for summary judgment with the comment that "the proposed supplementations would not aid in resolving the issues in this matter...."
 
 
 [5]
 Fed.R.Civ.P. 56(f) provides that where one cannot, for reasons stated, present by affidavits facts to justify the party's opposition to a motion for summary judgment, the court may, inter alia, order a continuance "to permit affidavits to be obtained or depositions to be taken or discovery to be had...." We suggest that by their March 22 motion the plaintiffs in the instant case availed themselves, in a sense, of the provisions in 56(f). And, as indicated, the district court granted the motion on March 26, 1993