**Randy GRIFFIN, Plaintiff,**

v.

**BANK OF AMERICA, Defendant.**

**Civil Action No. 96–2275–GTV.**

United States District Court,
D. Kansas.

July 30, 1997.

Tamatane Aga, Jr., Olathe, KS, for Plaintiff.

Elizabeth Drill Nay, Michael P. Howe, Lewis, Rice & Fingersh, L.C., Kansas City, MO, Louis A. Cohn, Porter & Cohn, L.L.C., Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This diversity case arises out of the sale and repossession of a 1985 BMW 318i that plaintiff Randy Griffin initially leased. Plaintiff alleges fraudulent sale and conversion as well as violations of the Kansas Consumer Protection Act, K.S.A. §§ 50–623 et seq. The case is before the court on the motion to dismiss or, in the alternative, for more definite statement (Doc. 7) and motion for summary judgment (Doc. 36) by Security Pacific Automotive Financial Services Corporation, as successor to Security Pacific Credit Corporation and/or Bank of America NT & SA. Plaintiff also has filed a motion to add party defendant and amend petition (Doc. 14). For the reasons set forth, Security Pacific's motions are denied, and Griffin's motion is granted.

### I.  Plaintiff's Motion to Amend

Griffin filed a timely motion to amend the complaint to add (1) Security Pacific as a defendant pursuant to Fed.R.Civ.P. 20(a) (permissive joinder), and (2) three counts pursuant to Fed.R.Civ.P. 15(a) (amendments). Since plaintiff filed his motion, the pretrial order has been filed. The court, therefore, will construe plaintiff's motion as one to amend the pretrial order.

Federal Rule of Civil Procedure 16(e) specifies that pretrial orders "shall be modified only to prevent manifest injustice." Generally, the decision to grant such an amendment is based upon whether the amendment will prejudice the nonmoving party. Hull v. Chevron U.S.A., Inc., 812 F.2d 584 (10th Cir.1987). It is within the trial court's discretion whether to permit amendment of the final pretrial order. Rios v. Bigler, 67 F.3d 1543 (10th Cir.1995).

■ Plaintiff argues that Security Pacific should be added as a defendant because Security Pacific has entered its appearance as a

defendant, removed the case to federal court, and has filed dispositive motions. Security Pacific has positioned itself as a successor in interest to Bank of America and has no objection to being substituted for Bank of America. Security Pacific objects to being an additional defendant, characterizing Bank of America as "an improper, non-existent party." (Doc. 15, at 2.)

The court grants Griffin's motion to the extent that Security Pacific will be substituted for Bank of America, the named defendant.

■ Griffin also seeks to amend the pretrial order by adding three new counts: breach of contract and two additional violations of the Kansas Consumer Protection Act. With regard to the latter, he claims that defendants' failure to properly account for and include his payments totaling $2,053.10 toward the purchase of the BMW was both an unconscionable and deceptive practice. See K.S.A. §§ 50–626(b)(3), 50–627.

Security Pacific opposes the amendment based upon procedural lapses, which Griffin corrects in his reply. Defendant also claims the amendment would be futile based upon the arguments raised in its summary judgment motion. The court disagrees, as illustrated in the section III discussion. Because Security Pacific fails to demonstrate that it will be prejudiced by the proposed amendment, the court grants Griffin's motion to add three new claims.

The above-captioned case is set for further pretrial conference before the undersigned judge on September 12, 1997 at 3:30 p.m. in Chambers, Room 529, U.S. Courthouse, 500 State Avenue, Kansas City, Kansas.

### II.  Defendant's Motion to Dismiss or for More Definite Statement

Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), attaching a copy of the installment contract. In his response, Griffin attached a copy of the same installment contract, various title and vehicle registration forms, the lease agreement, copies of the cashed checks, and a letter from Bank of America. Rule 12(b)(6) imposes strict limita-

tions on considering matters outside the complaint. If such material is considered, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b)(6). Because the parties have submitted materials outside the pleadings, the motion will be treated as a Rule 56 motion for summary judgment.

Neither party, however, has complied with D. Kan. R. 56.1 governing summary judgment motions.[1] Specifically, defendant has failed to begin its memorandum in support of its motion with "a concise statement of material facts as to which the movant contends no genuine issue exists" and to "refer with particularity to those portions of the record upon which movant relies." *Id.* Plaintiff's response is similarly defective.

■ Defendant's motion, which does not comply with local requirements for filing a motion for summary judgment, is denied. "Failure to comply with [D. Kan. R. 56.1] justifies denying a motion for summary judgment." *Bryant v. O'Connor,* 671 F.Supp. 1279, 1282 (D.Kan.1986), *aff'd,* 848 F.2d 1064 (10th Cir.1988); *see Deere & Co. v. Loy,* 93–2212–GTV, 1994 WL 374497 (D.Kan. June 29, 1994); *United States v. One Parcel of Real Property Described as Lot 41, Berryhill Farm Estates,* No. 89–2150–GTV, 1992 WL 105056 (D.Kan. Apr. 28, 1992); *United States v. A.A. Mactal Constr. Co., Inc.,* No. 89–2372–GTV, 1991 WL 234338, —— F.Supp. —— (D.Kan. Oct.17, 1991); *Airlines Reporting Corp. v. Travel Servs. Clearinghouse,* No. 90–2227–GTV, 1991 WL 179413 (D.Kan. Aug.21, 1991); *Betts v. Agri–Tech Servs., Inc.,* No. 87–4110–RDR, 1990 WL 5731 (D.Kan. Jan.23, 1990).

Included in defendant's pleading is an alternative motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e). After examining the complaint, the court concludes that plaintiff has pled more facts than the federal rules require. Defendant's motion for a more definite statement borders on frivolous and is denied.

Security Pacific is ordered to file an answer on or before August 18, 1997.

*III.    Defendant's Motion for Summary Judgment*

■ Defendant filed a subsequent motion for summary judgment, in which it lists five statements of material facts. Because plaintiff does not controvert these five statements, they are deemed admitted for purposes of the motion. *See* D. Kan. R. 56.1.

■ Griffin includes his own 65 statements of material facts, which he claims are taken mostly from his sworn answers to defendant's interrogatories and from documents produced to defendant. Griffin, however, fails to attach any of the documents or to make specific references. Because he fails to comply with D. Kan. R. 56.1, the court will not consider any of his 65 factual statements.

*A.    Background*

On May 9, 1985, Griffin entered into a 48–month vehicle lease agreement with Dale Sharp, Inc. of Topeka, Kansas for the BMW. The lease agreement included a purchase option. His last payment under the lease, April 1989, was made to defendant. After the expiration of the lease, Griffin continued making payments to defendant. He made payments in May, June, July, August, September (double payment), and November.

On November 26, 1989, Griffin entered into a 36–month installment purchase contract with defendant to purchase the BMW. The contract specified that it "SUPERSEDES ALL PREVIOUS CONTRACTS" and that "[a]ny changes to this contract must be writing and signed by [Buyer] and Seller." (Doc. 37, Ex. 1.) After entering into the contract, plaintiff made 31 payments.

On May 22, 1996, Griffin filed suit in the Johnson County, Kansas District Court, and Security Pacific removed the case to federal court. In the pretrial order, Griffin alleges that the failure to transfer the BMW's title to him within 30 days of the purchase, as K.S.A. § 8–135(c)(7) requires, made the sale void and fraudulent. Plaintiff also alleges that defendant violated the Kansas Consumer Protection Act's prohibition against deceptive acts and practices by (1) telling him that as a California bank, defendant was governed by

---

1.   It would behoove counsel for both parties to    review the relevant rules.

California law, which does not require it to convey title; (2) failing to credit his May through November 1989 payments in the amount of $2,053.10 toward the purchase price; (3) crediting his payments totaling $2,053.10 toward a second lease; (4) refusing to credit him with full payment after he submitted written proof; (5) wrongfully submitting his account to collection agencies, which resulted in 700 contacts (letter and telephone) at his home and place of employment; (6) maintaining collection activities even after sending him a refund check; and (7) wrongfully repossessing and converting the BMW. Plaintiff's claims also include the three new claims set forth in section I. Griffin seeks $81,311.92 in damages.

### B. Legal Standards

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All disputed facts, and reasonable inferences derived from the evidence presented, must be resolved in favor of the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir.1995); *F.D.I.C. v. 32 Edwardsville, Inc.*, 873 F.Supp. 1474, 1479 (D.Kan.1995). The existence of factual disputes is not an automatic preclusion to the grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

The movant is entitled to judgment as a matter of law should the nonmoving party insufficiently establish an essential element of a claim for which the nonmovant has the burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 should be construed to satisfy one of its principal purposes, namely, to segregate and eliminate factually unsupported claims and defenses. *Id.* Entitlement to summary judgment must be proven beyond a reasonable doubt. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir.1980).

### C. Choice-of-Law

The installment contract specified that Kansas law should govern interpretation of the contract's provisions. In a diversity of citizenship action such as this, the court must apply the choice-of-law rules of the state in which it sits, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941), including the rules on whether a "contractual choice-of-law provision is enforceable." *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1360 (10th Cir. 1990). Federal courts in Kansas routinely enforce the parties' contractual choice-of-law provisions under Kansas choice-of-law rules. *Id.* Under Kansas law, the enforceability of a contractual choice-of-law provision turns on whether the forum selected bears a reasonable relation to the contract at issue. *See Atchison Casting Corp. v. Dofasco, Inc.*, 889 F.Supp. 1445, 1455 (D.Kan.1995). The court is satisfied that Kansas bears a reasonable relation to the installment contract and that Kansas contract law governs.

### D. Discussion

Security Pacific argues that summary judgment should be granted because Griffin's claims are predicated on his allegation that he made all 36 payments required under the installment contract and the uncontroverted facts establish that he made only 31 out of 36 payments after entering into the contract. Relying upon the validity of the installment contract, defendant further argues that the Kansas statute of frauds, the contract itself, and the parol evidence rule prohibit plaintiff from introducing evidence of a oral modification to vary the contract terms.

The essence of Griffin's response is that neither the statute of frauds nor the parol evidence rule applies because defendant's failure to transfer title to him within 30 days of the purchase, as required under K.S.A. § 8–135(c)(7), made the sale void and fraudulent. Section 8–135(c)(7) provides in pertinent part:

It shall be unlawful for any person to buy or sell in this state any vehicle required to be registered, unless, at the time

of delivery thereof or at a time agreed upon by the parties, not to exceed 30 days, inclusive of weekends and holidays, after the time of delivery, there shall pass between the parties a certificate of title with an assignment thereof. The sale of a vehicle required to be registered under the laws of this state, without assignment of the certificate of title, is fraudulent and void, unless the parties shall agree that the certificate of title with assignment thereof shall pass between them at a time other than the time of delivery, but within 30 days thereof. . . .

The Kansas courts have "established that the provisions relating to certificates of title, including [section] 8–135, are to be interpreted literally and strictly enforced." *In re Littlejohn (Commerce Bank v. Chambers),* 519 F.2d 356, 358 (10th Cir.1975). Section 8–135 "means exactly" what it says—"failure to comply therewith renders the sale of a vehicle required to be registered under the Act fraudulent and void." *Green v. Devoe Sales, Inc.,* 206 Kan. 238, 243, 477 P.2d 944 (1970); *see Perry v. Goff Motors, Inc.,* 12 Kan.App.2d 139, 141, 736 P.2d 949 (1987). Strict enforcement of the statute is necessary "to protect the public against fraud and . . . to lend stability and certainty in the business climate surrounding each transaction." *Melton v. Prickett,* 203 Kan. 501, 509, 456 P.2d 34 (1969) (quoting *Maryland Cas. Co. v. American Family Ins. Group,* 199 Kan. 373, 378, 429 P.2d 931 (1967)).

Because there is a dearth of evidence before the court to determine when and if the BMW's title passed, the court cannot determine if the purchase contract is void. That question is essential to analyzing Security Pacific's motion for summary judgment. The court, therefore, denies as premature defendant's summary judgment motion based upon the validity of the contract. Additionally, defendant's motion does not address plaintiff's three new claims.

■ Alternatively, Security Pacific seeks to limit damages, arguing that the Kansas Consumer Protection Act does not permit multiple recovery for violations based upon the same deceptive act or practice. Griffin alleges a total of nine violations of the Act.

Defendant contends that plaintiff's allegations are an improper attempt to maximize his damages under the Act. *See* K.S.A. § 50–636(a) (violations of the act permit assessment "of a civil penalty . . . in a sum set by the court of not more than $5,000 for each violation"). Security Pacific suggests that Griffin's alleged multiple incidents should be considered one violation of the Act involving the same transaction or, at most, two violations based upon the alleged failure to deliver title and upon collection efforts. *See Farrell v. General Motors Corp.,* 249 Kan. 231, 246, 815 P.2d 538 (1991) ("To allow a conversion claim simply because the Act was violated would be to allow double recovery (and punishment) simply for a violation of the Act.").

The facts and the argument made in *Farrell* are distinguishable. Stemming from denial of coverage under their van's service contract, the *Farrell* plaintiffs brought claims for breach of contract, breach of implied warranty of merchantability, and conversion as well as unconscionable and deceptive practices in violation of the Kansas Consumer Protection Act. The trial court construed their conversion claim as being brought under the Act. The Kansas Supreme Court, in reaching the above-quoted conclusion, reasoned that the Act "does not take away a valid lien and allow a conversion claim" and that a valid mechanic's lien existed. *Id.* at 245, 815 P.2d 538.

The court finds no support for defendant's argument in the *Farrell* opinion. The *Farrell* court upheld the jury's finding of two separate deceptive practices based upon the same transaction, i.e., that defendants concealed knowledge about the electrical failure and that defendants misrepresented to plaintiffs what caused the fire. Additionally, the statutory language suggests that multiple violations are possible. *See* K.S.A. § 50–626(b) (18 nonexclusive examples of deceptive acts and practices listed, each of which is a violation). It is for a jury to decide what actions, if any, constitute deceptive practices under the Act. *Farrell,* 249 Kan. at 243, 815 P.2d 538. The court finds defendant's argument unpersuasive.

Security Pacific's motion for summary judgment is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that Randy Griffin's motion to add party defendant and amend petition (Doc. 14) is granted.

IT IS FURTHER ORDERED that the clerk shall substitute Security Pacific Automotive Financial Services Corporation for Bank of America as the named defendant in the above-captioned action.

IT IS FURTHER ORDERED that the case is set for further pretrial conference before the undersigned judge on **September 12, 1997 at 3:30 p.m. in Chambers, Room 529, U.S. Courthouse, 500 State Avenue, Kansas City, Kansas.** No additional notice will be sent to the parties.

IT IS FURTHER ORDERED that Security Pacific Automotive Financial Services Corporation's motion to dismiss or, in the alternative, for more definite statement (Doc. 7) is denied.

IT IS FURTHER ORDERED that defendant shall file an answer on or before **August 18, 1997.**

IT IS FURTHER ORDERED that Security Pacific Automotive Financial Services Corporation's motion for summary judgment (Doc. 36) is denied.

**IT IS SO ORDERED.**